IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY ANGUS,                )
                             )
        Plaintiff,        )
                             )
vs.                        )     Case No. 24-cv-536-RJD
                             )
DG RETAIL, LLC, d/b/a      )
DOLLAR GENERAL and      )
SHAWNA RICKARD,        )
                             )
        Defendants.   )

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Remand and For Costs and Fees (Doc. 12).  For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff filed his case in Franklin County on January 22, 2024, naming two Defendants: (1) DG Retail, LLC, d/b/a Dollar General ("DG Retail"); and (2) Shawna Rickard.  (Doc. 1-1, p. 6).  Plaintiff alleged that he was injured in a slip and fall incident on February 5, 2022, while a customer at a Dollar General store located at 905 Factory Outlet Drive in West Frankfort, Illinois (the "Premises").  (*Id.* at 6-7).  Plaintiff further alleged that at all relevant times, Defendant Rickard was an agent and/or employee of DG Retail and had a duty to maintain and keep the Premises in a safe condition.  (*Id.* at 6, 8).

On February 26, 2024, DG Retail removed this case to this district court pursuant to 28 U.S.C. §1441, alleging diversity as the sole basis of this Court's subject matter jurisdiction.  (Doc. 1).  (*Id.*).  Based on the allegations of the Complaint, Plaintiff is an Illinois citizen.  (Doc. 1-1, p.

6).  Defendant DG Retail is a single-member limited liability company and is a citizen of Kentucky and Tennessee.  (Doc. 2).  Plaintiff alleged in the Complaint that Defendant Rickard is an Illinois citizen.  (Doc. 1-1, p. 6).  However, DG Retail argued in the notice of removal that Rickard's citizenship should be disregarded because she had not been served with process at the time of the removal.  (Doc. 1, p. 3).  To this day, Defendant Rickard has still not been served with process.

On March 5, 2024, Plaintiff filed a motion to remand this case to state court.  (Doc. 12). Plaintiff reasoned that he and Defendant Rickard are Illinois citizens, thus destroying complete diversity, which is the sole basis for this Court's subject matter jurisdiction.  (*Id.*).  Plaintiff further argued that Rickard's citizenship should be considered in determining complete diversity even though she has not been served with process.  (Docs. 1-1, p. 6; 12, p. 3).  DG Retail filed a response raising two arguments.  First, it argued that even considering Rickard's citizenship, there is still complete diversity because Rickard is a citizen of Kentucky, not a citizen of Illinois, as Plaintiff alleged in the Complaint.  (Doc. 14, p. 2).  In support of its response,  DG Retail attached Rickard's affidavit in which she attested: "On and before January 22, 2024, and to the present, I have been a resident and citizen of Kentucky, living in Mayfield, Kentucky."  (Doc.  14-1, p.1).  Alternatively, DG Retail argued that Rickard's citizenship should be disregarded because she was fraudulently joined to defeat diversity.  (Doc. 14, p. 3).  Plaintiff did not file a reply or any evidence to contest Rickard's affidavit and support his allegation that Rickard is a citizen of Illinois.  Further, none of the parties requested limited discovery on the issue of determining Rickard's citizenship or an evidentiary hearing on that matter.  *See* SDIL-LR 7.1 (c) ("Any party desiring oral argument on a motion shall file a formal motion and state the reason why oral argument is requested").

## ANALYSIS

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties where the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).  For purposes of diversity jurisdiction, citizenship "is equated with domicile, and an individual establishes a domicile when they physically reside in a state while simultaneously intending to remain there indefinitely." *Brown v. Gartner*, No. 23-1780, 2023 WL 8827633, at *2 (7th Cir. 2023) (citation omitted).  A party's intent to establish domicile may be inferred from factors including "voter and vehicle registrations, driver's or professional licenses, location of property, relationships, and tax filings." *Id.* (citation omitted).

The Seventh Circuit has instructed that the removal statute should be interpreted narrowly, taking into account the presumption that the plaintiff may choose his or her forum.  *Doe v. Allied-Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993).  Any removal doubts "should be resolved in favor of remand to the state court."  *Id.* (citation omitted).  At the same time, where the Court's jurisdiction is challenged as a factual matter, "the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by 'competent proof," meaning "a preponderance of the

evidence or proof to a reasonable probability that jurisdiction exists." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (internal citation and quotation marks omitted). The district court not only has the right but also the "duty to look beyond the allegations of the complaint to determine" if it has subject matter jurisdiction. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The court can consider "summary judgment-type evidence such as affidavits and deposition testimony, provided that the court does not use this evidence to pre-try the case[.]" *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1072 (N.D. Ill. 2018) (alteration in the original)(citation and internal quotation marks omitted)); *see also Miller v. Fryzel*, 499 F. App'x 601 (7th Cir. 2013) (an affidavit in which a defendant attested that Illinois always had been his domicile and acknowledged paying Virginia income taxes but averred that he received mail at his Illinois residence, held an Illinois driver's license, and was registered to vote in Illinois, sufficed to establish defendant's continuing domicile in Illinois, for diversity jurisdiction purposes, despite attorney's residence in Virginia); *Venezia v. Robinson,* 16 F.3d 209, 211–12 (7th Cir.1994) (district court could consider affidavits in deciding whether requirements of federal jurisdiction were satisfied).

Turning to this case, the Court notes that the parties do not dispute that the amount in controversy exceeds $75,000. There is further no dispute that Plaintiff is a citizen of Illinois, while Defendant DG Retail is a citizen of Kentucky and Tennessee. The issue of removal hinges only on the citizenship of Defendant Rickard. As set forth above, the burden of establishing complete diversity lies with DG Retail, which is the party arguing for the removal. In support of its response in opposition to the motion to remand, DG Retail provided Defendant Rickard's affidavit stating that at the time the complaint was filed, she was, and continues to be, a resident and citizen of the State of Kentucky. (Doc. 14-1, p.1). While the record is limited, this affidavit is still competent

evidence to support a finding of Rickard's citizenship.  Further, Plaintiff has not filed a reply or any evidence to contest Rickard's affidavit and support his allegation that Rickard is a citizen of Illinois.  As noted above, Plaintiff did not request limited discovery on the issue of determining Rickard's citizenship or an evidentiary hearing on that matter.  In light of Rickard's uncontested affidavit regarding her Kentucky citizenship, the Court FINDS that DG Retail has satisfied its burden of proof to show complete diversity between the parties in this dispute:  neither DG Retail nor Rickard are citizens of Illinois, which is Plaintiff's state of citizenship.  Because the Court finds that even considering Rickard's citizenship, there is still complete diversity, there is no need to address whether Rickard has been fraudulently joined in this case.

## CONCLUSION

For these reasons, Plaintiff's Motion to Remand to State Court (Doc. 12) is **DENIED**.  The Court further notes that Federal Rule of Civil Procedure 4(m) requires service upon a defendant within 90 days after the suit is filed.  Plaintiff's Complaint was filed more than 90 days ago but Defendant Rickard has not yet been served with process.  FED. R. CIV. P. 4(m).  Plaintiff is WARNED that his claims against Defendant Rickard will be dismissed for want of prosecution unless Defendant Rickard is served—or Plaintiff establishes good cause for the failure to serve her—by **November 15, 2024**.

**IT IS SO ORDERED.**

**DATED:  October 15, 2024**

_s/ Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**