IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARY ANGUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-536-RJD |
| | ) | |
| DG RETAIL, LLC, d/b/a | ) | |
| DOLLAR GENERAL and | ) | |
| SHAWNA RICKARD, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Remand.  (Doc. 12).  On October 15, 2024, the undersigned entered an order finding that Defendant DG Retail, LLC, d/b/a Dollar General ("DG Retail") had established complete diversity and, accordingly, denying Plaintiff's Motion to Remand.   (Doc. 20).   However, upon more careful consideration of the record, it appears that the undersigned lacked jurisdiction to enter that order.  This case has been assigned to the undersigned Magistrate Judge pursuant to Administrative Orders 347 and 367. (Doc. 7).   Defendant Shawna Rickard, however, has not yet been served with process or entered her appearance in the case and thus has not yet had the opportunity to consent to magistrate judge jurisdiction.

 "[U]nless all parties to the action have consented to the magistrate judge's authority to resolve the case finally," the undersigned must not enter a final judgment but, rather, issue a report and recommendation to be reviewed *de novo* by the district court.  *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 475 (7th Cir. 2017).  The Federal Magistrates Act provides

1

a list of dispositive pretrial matters on which the magistrate judge may only issue a report and recommendation, which does not include motions to remand. 28 U.S.C. § 636(b)(1)(A). Further, some district courts have treated motions to remand to state courts as non-dispositive on which magistrate judges may rule even without the parties' full consent. *See Davidson v. Georgia-Pac., L.L.C.,* 819 F.3d 758, 763 n.3 (5th Cir. 2016) (discussing district court decisions treating motions to remand as non-dispositive but ultimately rejecting that approach). However, it appears that all appellate courts that have considered the question have rejected that approach, holding instead that motions to remand to state court should be treated as dispositive matters requiring all parties' full consent to the magistrate judge's jurisdiction. *See id. (citing Flam v. Flam,* 788 F.3d 1043, 1046–47 (9th Cir.2015); *Williams v. Beemiller, Inc.,* 527 F.3d 259, 266 (2d Cir.2008); *Vogel v. U.S. Office Prods. Co.,* 258 F.3d 509, 517 (6th Cir.2001); *First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 995–96 (10th Cir.2000); *In re U.S. Healthcare,* 159 F.3d 142, 145–46 (3d Cir.1998)). It appears that the Seventh Circuit has not yet had the opportunity to address this issue. However, out of an abundance of caution, the undersigned **VACATES** its Order denying Plaintiff's Motion to Remand (Doc. 20) and issues this Report and Recommendation for a District Judge to consider whether this case should be remanded to State Court, Second Judicial Circuit, Franklin County, Illinois. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. PROC. 72(b). For the reasons set forth below, the undersigned recommends that the District Court **DENY** the motion.

## BACKGROUND

Plaintiff Gary Angus filed his case in Franklin County on January 22, 2024, against Defendants DG Retail and Rickard. (Doc. 1-1, p. 6). Plaintiff alleged that he was injured in a slip and fall incident on February 5, 2022, while a customer at a Dollar General store located at 905 Factory Outlet Drive in West Frankfort, Illinois (the "Premises"). (*Id.* at 6-7). Plaintiff further

Case 3:24-cv-00536-RJD-SMY    Document 21    Filed 10/28/24    Page 3 of 7    Page ID #84

alleged that at all relevant times, Defendant Rickard was an agent and/or employee of DG Retail and had a duty to maintain and keep the Premises in a safe condition. (*Id.* at 6, 8).

On February 26, 2024, DG Retail removed this case to this district court pursuant to 28 U.S.C. §1441, alleging diversity as the sole basis of this Court's subject matter jurisdiction. (Doc. 1). (*Id.*). Based on the allegations of the Complaint, Plaintiff is an Illinois citizen. (Doc. 1-1, p. 6). Defendant DG Retail is a single-member limited liability company and is a citizen of Kentucky and Tennessee. (Doc. 2). Plaintiff alleged in the Complaint that Defendant Rickard is an Illinois citizen. (Doc. 1-1, p. 6). However, DG Retail argued in the notice of removal that Rickard's citizenship should be disregarded because she had not been served with process at the time of the removal. (Doc. 1, p. 3). To this day, Defendant Rickard has still not been served with process.

On March 5, 2024, Plaintiff filed a motion to remand this case to state court. (Doc. 12). Plaintiff reasoned that he and Defendant Rickard are Illinois citizens, and thus, there is no subject matter jurisdiction due to lack of complete diversity. (*Id.*). Plaintiff further argued that Rickard's citizenship should be considered in determining complete diversity even though she has not been served with process. (Docs. 1-1, p. 6; 12, p. 3). DG Retail filed a response raising two arguments. First, it argued that even considering Rickard's citizenship, there is still complete diversity because Rickard is a citizen of Kentucky, not a citizen of Illinois, as Plaintiff alleged in the Complaint. (Doc. 14, p. 2). In support of its response, DG Retail attached Rickard's affidavit in which she attested: "On and before January 22, 2024, and to the present, I have been a resident and citizen of Kentucky, living in Mayfield, Kentucky." (Doc. 14-1, p.1). Alternatively, DG Retail argued that Rickard's citizenship should be disregarded because she was fraudulently joined to defeat diversity. (Doc. 14, p. 3). Plaintiff did not file a reply or any evidence to contest Rickard's affidavit and support his allegation that Rickard is a citizen of Illinois. Further, none of the parties

3

requested limited discovery on the issue of determining Rickard's citizenship or an evidentiary

hearing on that matter. *See* SDIL-LR 7.1 (c) ("Any party desiring oral argument on a motion shall

file a formal motion and state the reason why oral argument is requested").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, a federal

district court has original subject matter jurisdiction over actions involving complete diversity

between the parties where the amount in controversy exceeds $75,000, exclusive of interest and

costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th

Cir. 2008).  Complete diversity means that "none of the parties on either side of the litigation may

be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune

Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).  For purposes of diversity

jurisdiction, citizenship "is equated with domicile, and an individual establishes a domicile when

they physically reside in a state while simultaneously intending to remain there indefinitely."

*Brown v. Gartner*, No. 23-1780, 2023 WL 8827633, at *2 (7th Cir. 2023) (citation omitted).  A

party's intent to establish domicile may be inferred from factors including "voter and vehicle

registrations, driver's or professional licenses, location of property, relationships, and tax filings."

*Id.* (citation omitted).

The Seventh Circuit has instructed that the removal statute should be interpreted narrowly,

taking into consideration the presumption that the plaintiff may choose his or her forum. *Doe v.

Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  Any removal doubts "should be resolved

in favor of remand to the state court." *Id.* (citation omitted). At the same time, where the Court's jurisdiction is challenged as a factual matter, "the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by 'competent proof,'" establishing jurisdiction by the "preponderance of the evidence or proof to a reasonable probability." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (internal citation and quotation marks omitted). The district court not only has the right but also the "duty to look beyond the allegations of the complaint to determine" if it has subject matter jurisdiction. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The court can consider "summary judgment-type evidence such as affidavits and deposition testimony, provided that the court does not use this evidence to pre-try the case[.]" *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1072 (N.D. Ill. 2018) (alteration in the original)(citation and internal quotation marks omitted); *see also Miller v. Fryzel*, 499 F. App'x 601 (7th Cir. 2013) (an affidavit in which a defendant attested that Illinois always had been his domicile and acknowledged paying Virginia income taxes but averred that he received mail at his Illinois residence, held an Illinois driver's license, and was registered to vote in Illinois, sufficed to establish defendant's continuing domicile in Illinois, for diversity jurisdiction purposes, despite defendant's residence in Virginia); *Venezia v. Robinson,* 16 F.3d 209, 211–12 (7th Cir.1994) (district court could consider affidavits in deciding whether requirements of federal jurisdiction were satisfied).

Turning to this case, the undersigned notes that the parties do not dispute that the amount in controversy exceeds $75,000. There is further no dispute that Plaintiff is a citizen of Illinois, while Defendant DG Retail is a citizen of Kentucky and Tennessee. The issue of removal hinges only on the citizenship of Defendant Rickard. As set forth above, the burden of establishing complete diversity lies with DG Retail, which is the party arguing for the removal. In support of

its response in opposition to the motion to remand, DG Retail provided Defendant Rickard's affidavit stating that at the time the complaint was filed, she was, and continues to be, a resident and citizen of the State of Kentucky.  (Doc. 14-1, p.1).  While the record is limited, this affidavit is still competent evidence to support a finding of Rickard's citizenship.  Further, Plaintiff has not filed a reply or any evidence to contest Rickard's affidavit and support his allegation that Rickard is a citizen of Illinois.  As noted above, Plaintiff did not request limited discovery on the issue of determining Rickard's citizenship or an evidentiary hearing on that matter.  In light of Rickard's uncontested affidavit regarding her Kentucky citizenship, the Court **FINDS** that DG Retail has satisfied its burden of proof to show complete diversity between the parties in this dispute:  neither DG Retail nor Rickard are citizens of Illinois, which is Plaintiff's state of citizenship.  Because DG Retail's first ground for denying the motion to remand is dispositive of the issue, the Court does not need to address DG Retail's alternative argument that Rickard has been fraudulently joined in this case.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand to State Court (Doc. 12) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *See, e.g.*, *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

The Clerk of Court is **DIRECTED** to **STRIKE** the Order at Doc. 20 from the docket and **ASSIGN** a District Judge for consideration of the undersigned's Report and Recommendation.

**IT IS SO ORDERED.**

**DATED:  October 28, 2024**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**